[Civ. No. 9217.   Third Dist.   Dec. 13, 1957.]

AUBREY A. BARNEY et al., Appellants, v. ROY E. FYE, Individually and as Executor, etc., Respondent.

104

William Wear Clark for Appellants.

Angelo J. DePaoli for Respondent.

SCHOTTKY, J.—This is an appeal by plaintiffs Aubrey A. and Martha M. Barney, husband and wife, from a judgment in favor of defendant Roy E. Fye in an action to establish a constructive trust. The case was consolidated for trial with another action brought against the same defendant by different plaintiffs, who have not appealed from the judgment.

The trial court filed a memorandum opinion which we believe fairly summarizes the evidence as shown by the record. We quote therefrom as follows:

"These two actions were consolidated for trial. Both seek the same type of relief. Action No. 5739 seeks to impose a constructive trust upon approximately 1100 acres of land in Amador County, known as the Fye or Ellidge ranch. The amended complaint, which is in two counts, alleges that both by executing a deed and by efforts to modify her will, Pearl T. Fye intended to convey the ranch referred to above to her friends Aubrey and Martha Barney, but was thwarted in her wishes by the fraud of her husband Roy E. Fye.

"Action No. 5786 seeks to impose a constructive trust upon approximately 42 acres of the same ranch and compel the payment of sums of $1,000, $5,000 and $1,500 to three friends which the complaint alleges would have carried out the will of Pearl T. Fye, had not her husband fraudulently prevented.

"Pearl T. Fye and Roy E. Fye were married in 1922. They lived together until her death in 1955. They had no children. Apparently, their marriage was harmonious. No evidence was introduced to the contrary.

"On June 2, 1953, Pearl executed a will leaving her entire estate to Roy, her husband, and naming him sole executor, without bond. This will has been admitted to probate, in this court, in probate proceeding No. 3535.

"On January 27, 1955, Pearl executed a deed (Plaintiffs' Exhibit 1) in which she conveyed to Roy the ranch referred to above. This ranch was her separate property. The deed was acknowledged on February 4, 1955 and recorded by Roy on February 10, 1955. The plaintiffs attack this instrument vigorously, contending that it was the product of fraud and misrepresentation practiced by Roy upon Pearl; they assert that Pearl was nearly blind on January 27, 1955 and able to read only with great difficulty; that Roy falsely represented to her that the grantees in the deed were her friends, Aubrey and Martha Barney, the plaintiffs in Action No. 5739; that Pearl believed him and therefore signed the deed.

"The evidence does not support the plaintiffs. On January 27, 1955, she had good eye sight. As late as February 4, 1955, when she wrote in long hand and in beautiful script a friendly letter to the Barneys (see Defendant's Exhibit A) she had good vision and quite obviously full possession of her mental faculties. Significantly, this letter makes no mention of the fact that just one week earlier, she had deeded the ranch to the Barneys.

"On February 17, 1955, Pearl became confined to her bed. From this date her physical condition rapidly worsened. On February 17th, she could not see to read. On February 19th, she could not see at all. On February 22nd, she was quite deaf. She died at 1:30 A. M. on February 23rd. The cause of death was carcinoma of the colon.

"It is quite possible that during her final illness and particularly during the last week of her life, Pearl may have expressed the wish to leave the ranch and some of her personal property to her friends, rather than to her husband. This would seem to be supported by the two documents (Plaintiffs' Exhibits 3 and 6) which are fragmentary, obscure and, in part, not decipherable.

"Plaintiffs' Exhibit 3 consists of pencilled notes, apparently in Pearl's handwriting—but in a script which is very difficult to read and which is in marked contrast to the clear, beautiful handwriting of her letter of February 4th. Mrs. Clark, one of the plaintiffs, testified Pearl wrote these notes before she was confined to her bed on February 17th, that she did not finish them saying she would finish the notes later. On Feb-

ruary 19th, Mrs. Bamert, another plaintiff, wrote the date in ink on these notes and Pearl attempted to sign her name. The body of these notes is so illegible that one cannot, with any degree of certainty, decipher what they say.

"Plaintiffs' Exhibit 6 is a note written on February 21st by Phil Gebhardt, Justice of the Peace, who had been called to the Fye home by the plaintiffs. Pearl's voice was so weak that Gebhardt could not hear her speak. Mrs. Bamert leaned over her and repeated her words to Gebhardt which he wrote. This note is not clear or definite; in substance, however, it says that Pearl signed a deed which Roy said was made out to Aubrey but which she finds was made out to Roy, and that she wants the deed to go to Aubrey Barney. Pearl attempted to sign this paper but failed.

"It may be observed that these exhibits were executed on February 19th and 21st while this dying woman was surrounded by these who would profit from their provisions, and during the absence and without the knowledge of her husband Roy."

We shall refer to other evidence in the course of this opinion.

Appellants' basic contention, urged with great earnestness in their brief and upon the oral argument, is that the evidence was such as to indicate that both fraud and undue influence had been presumptively established and that the burden was upon defendant to go forward with proof sufficient to show fairness and lack of undue influence. Appellants contend that respondent has failed to sustain that burden.

Appellants argue correctly that all transactions between persons in confidential relationship, and particularly between husband and wife, by which one obtains an advantage from the other, are presumed to be entered into without consideration and under undue influence. They quote section 158 of the Civil Code, which states in part: "Either husband or wife may enter into any engagement or transaction with the other . . . respecting property, which either might if unmarried; subject, in transactions between themselves, to the general rules which control the actions of persons occupying confidential relations with each other, as defined by the title on trusts." They also quote Civil Code, section 2235, which provides: "All transactions between a trustee and his beneficiary during the existence of the trust, or while the influence acquired by the trustee remains, by which he obtains any advantage from the beneficiary, are presumed to be entered

into by the latter without sufficient consideration, and under undue influence.''

There can be no doubt as to the confidential relationship existing between respondent and his wife, that the real property described in the deed was her separate property, and that there was no consideration for the deed here under attack. This would, under the authorities, cause a presumption to arise that the deed was the result of fraud and undue influence. ██ Under such circumstances the following rule stated in *Azevedo* v. *Leavitt*, 76 Cal.App.2d 321, at page 324 [172 P.2d 704], is applicable:

''The donee must rebut the presumption by evidence which is sufficient to overcome it, and whether the donee has overcome the presumption is a question exclusively for the trial court. Before an appellate tribunal would be justified in reversing the finding of the trial court that there was no unfairness, fraud, or undue influence on the part of the donee, it must appear that there is no substantial evidence to support such finding. As this court said in *Laherty* v. *Connell*, 64 Cal.App.2d 355, at page 357 [148 P.2d 895]: 'In order to prevail on this ground, the appellants must demonstrate that there is no material, credible evidence or no reasonable inference from the evidence to support the challenged findings.' ''

The court found that the deed from Pearl T. Fye (the wife of respondent) to respondent ''was made, executed and delivered by Pearl T. Fye to Roy E. Fye without any fraud, misrepresentations or inducements by Roy E. Fye to Pearl T. Fye,'' and that respondent ''did not make any representations to Pearl T. Fye that the deed executed by Pearl T. Fye . . . was to Aubrey A Barney and Martha M. Barney, nor did Pearl T. Fye intend to make any conveyance at that time to Aubrey A. Barney and Martha M. Barney.''

██ Appellants argue that the evidence is insufficient as a matter of law to sustain the findings. We are unable to agree with this contention. The record shows that most of the witnesses who testified for appellants were interested in setting aside the deed and in proving that Pearl T. Fye intended to change her will. The record shows also that Pearl T. Fye and respondent had been married for 33 years and that he had made a substantial contribution to the improvement of the property. The record shows also that there were no children of the marriage and that appellants were not related to Pearl T. Fye either by blood or marriage. The

record shows also that nearly two years prior to the execution of the deed Pearl T. Fye had executed a will leaving all of said property to respondent and that said will had been admitted to probate. Respondent denied that he had at any time told Pearl T. Fye that the deed was a deed to appellants or that any instructions were given to him regarding the deed. And as pointed out by the trial court in the memorandum opinion, as hereinbefore set forth, Pearl Fye wrote a friendly letter to appellants just one week after the date of the execution of the deed, in which she made no mention of the fact that just one week earlier she had deeded the ranch to appellants. We believe that the court had a right to infer that if Pearl Fye believed she had deeded the ranch to appellants she would have mentioned it in the latter.

As has been stated in so many decisions, the trial judge is the judge of the weight of the evidence. The trial judge observes the witnesses and hears their testimony. He may take into consideration their interest in the case. He is not bound to accept their testimony at its face value unless there is no rational ground upon which it may be disbelieved. For an appellate tribunal to say upon the record in the instant case that the trial judge was not justified in determining that the presumption of fraud and undue influence was overcome by respondent, would in our opinion be a usurpation of the legitimate function of the trial court. The trial judge was no doubt satisfied that Pearl Fye was fully aware of the nature and effect of the transaction, that she wished respondent to have her property, that there was no fraud on the part of respondent and that there was no undue influence exerted upon Pearl Fye. These were all matters that it was the exclusive province of the trial court to decide, and there is ample evidence in the record to support the conclusion reached by the trial court.

No other points require discussion.

The judgment is affirmed.

Van Dyke, P. J., and Peek, J., concurred.